HERSEY STOWELL *vs.* MARSHALL LINCOLN.

The owner of land through which an ancient watercourse runs may maintain an action for nominal damages against one who diverts it above his land so as materially to diminish the flow of water by his land, without proof of actual injury.

ACTION OF TORT for the obstruction of a watercourse in Hingham. The case was referred by rule of court to arbitrators, who in their award found that an ancient stream of water passed through the defendant's land to the land of the plaintiff, and thence to its outlet; that the defendant, for the purpose of improving his own land above and below the place of the alteration, filled up part of the old channel, which had a hard bottom, and dug a new one through porous and boggy ground, in consequence of which the greater part of the water did not pass through the new channel to the plaintiff's land, but was diverted and passed off in another direction, and the flow of water was materially diminished by the diversion. The evidence did not show that the plaintiff had suffered actual damage by reason of the acts of the defendant. But the arbitrators were of opinion that the plaintiff had the right to the natural flow of the water through its ancient channel by his land; that the defendant by his acts had invaded that right; and that the plaintiff was entitled to recover nominal damages, which they accordingly awarded him.

In the court of common pleas the defendant moved to set aside the award, because on the facts stated the plaintiff had no cause of action. *Briggs*, J. overruled the motion, and the defendant alleged exceptions.

*B. Sanford,* (*A. Churchill* with him,) for the defendant.

*H. E. Hersey,* for the plaintiff.

Harden *v.* Harden.

BY THE COURT. The court have no doubt upon this subject. The question submitted to the arbitrators was of legal right, involving matter of law and fact. There was an actual diversion of a watercourse. If the proprietor through whose land it passed could take it out in such a manner as to return it to the proprietor below, subject to the reasonable uses of the first proprietor, he had a right to do it. But the arbitrators have found that the legal right of the plaintiff was invaded, and therefore some damages follow. *Cook* v. *Hull,* 3 Pick. 269. *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 246.

*Judgment on the award.*